OPINION
Defendant-appellant Christopher Sherman appeals the February 3, 1999 Judgment Entry of the Licking County Court of Common Pleas which revoked his community control sanctions and sentenced him to nine months in prison, with credit for twenty-one days served. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE
On July 11, 1997, appellant was convicted of obstructing official business. The trial court placed appellant under community control sanctions for five years, which included residential sanction at the Licking-Muskingum Community Corrections Center. Upon successful completion of the program at the Licking-Muskingum Community Corrections Center, appellant was placed under non-residential community control sanctions. On January 22, 1999, appellee filed a motion requesting revocation of appellant's community control sanctions and imposition of prison sentence. On February 3, 1999, appellant admitted to violations of his community control sanctions. Via Judgment Entry filed February 3, 1999, the trial court imposed a sentence of nine months and granted jail credit time of twenty-one days for the days appellant spent in the county jail. Appellant requested credit for the days spent at the Licking-Muskingum Community Corrections Center, but the trial court denied said request via Judgment Entry dated February 3, 1999. It is from the February 3, 1999 Judgment Entry appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GIVE THE DEFENDANT-APPELLANT CREDIT AGAINST THE IMPOSED PRISON SENTENCE FOR TIME SERVED AT THE COMMUNITY BASED CORRECTIONAL FACILITY.
This Court has previously addressed the exact issue appellant raises herein in State v. Michael Peters (May 13, 1999), Licking County App. Nos. 98-CA-00118 and 98-CA-00119, unreported. For the reasons we stated in Peters, we sustain appellant's assignment of error. The judgment of the Licking County Court of Common Pleas is reversed and the cause remanded to that court for further proceedings consistent with this Court's holding in Peters. Specifically, appellant is to be further credited with time served while at the Licking-Muskingum Community Corrections Center.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur